IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANJELICA MARIA DE LA CRUZ | § | |
| | § | |
| v. | § | A-20-CV-340-LY |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Allstate's Motion to Dismiss Under Rule 12(b)(6), Plaintiff Anjelica Maria De La Cruz's Amended Motion to Remand to State Court (Dkt. No. 19), and the parties' associated response and reply briefs. The District Judge referred the above-motions to the undersigned for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B), FED. R. CIV. P. 72, and Rule 1(d) of Appendix C of the Local Court Rules.

**I. GENERAL BACKGROUND**

This case arises out of a traffic accident and resulting claim for uninsured or underinsured motorist benefits ("UM/UIM"). Plaintiff Anjelica Maria De La Cruz alleges that on or about July 27, 2018, the vehicle in which she was traveling was struck by an uninsured third-party motorist. Dkt. No. 1-3 at ¶ 5.1. De La Cruz made a UM/UIM claim under her insurance policy to Defendant Allstate Fire and Casualty Insurance Company, and alleges that Allstate has refused to pay the benefits to which De La Cruz believes she is entitled to under the policy. *Id.* at ¶¶ 5.13-5.15. Because of this refusal to pay, on February 3, 2020, De La Cruz brought suit against Allstate in the 459th District Court of Travis County, Texas. Dkt. No. 1-3. Pursuant to the Texas Uniform

Declaratory Judgments Act De La Cruz sought a declaratory judgment that she was entitled to recover under her insurance policy with Allstate, and requested damages for past and future physical pain; mental anguish; loss of earnings or earning capacity; disfigurement; physical and mental impairment; reasonable expenses for necessary health care, including rehabilitative services and devices; reasonable attorney's fees, post-judgment interest, and costs of court. *Id.* at ¶¶ 5.11, 6.8-6.9, 7.1. In her Original Petition, De La Cruz further stated, pursuant to Texas Rule of Civil Procedure 47, that she sought "monetary relief over $1,000,000.00." *Id.* at ¶ 1.4.

On March 30, 2020, Allstate removed the case on the basis of diversity jurisdiction (Dkt. No. 1), and immediately moved for dismissal under Rule 12(b)(6). Dkt. No. 2. On April 13, 2020, De La Cruz filed a First Amended Petition in state court, amending the amount of monetary relief sought to "less than $74,000." Dkt. No. 13-1 at ¶ 1.4. De La Cruz subsequently moved to remand on the basis that Allstate has failed to demonstrate that the amount-in-controversy requirement has been met. Dkt. Nos. 12 &. 19. Because the motion to remand challenges this Court's jurisdiction, the Court addresses it first. *See Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011).

## II.  MOTION TO REMAND

**A.  Legal Standard**

The federal removal statute, 28 U.S.C. § 1441(a), permits a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Accordingly, a defendant may only remove a case over which the district court has original jurisdiction, either because of diversity of citizenship or the existence of a federal question. 28 U.S.C. § 1441(a). Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000" and the dispute is "between citizens of different

2

states." 28 U.S.C. § 1332(a). For the removing party to maintain the case in federal court, it "must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). Because removing an action from state court raises federalism concerns, removal statutes are strictly construed against removal and in favor of remand. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

**B.    Analysis**

In this case it is undisputed that the parties are completely diverse. De La Cruz is a citizen of Texas and Allstate is a citizen of Delaware with its principal place of business in Illinois. Dkt. No. 1 at ¶¶ 8-9; Dkt. No. 19 at ¶ 5. De La Cruz's remand argument focuses on whether Allstate can establish that the amount in controversy here exceeds $75,000. Allstate stated in its Notice of Removal that "it is facially apparent from Plaintiff's petition that the amount in controversy exceeds $75,000.00 because Plaintiff alleges she seeks monetary relief for 'over $1,000,000.00.'" Dkt. No. 1 at ¶ 11; *see* Dkt. No. 1-3 at ¶ 1.4. De La Cruz's motion to remand argues that the allegation in the Original Petition that she was seeking more than $1,000,000 was an error (which she has corrected), and that Allstate cannot establish that the amount in controversy exceeds $75,000 because the applicable insurance policy has a $30,000 limit on bodily injury damages. Dkt. No. 19 at ¶ 12-22; Dkt. No. 19-1.

As an initial matter, De La Cruz's post-removal filing of a First Amended Petition in state court, which she amended to assert the amount of damages sought was "less than $74,000," does not defeat federal removal jurisdiction or provide another basis to remand. Once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction. *St. Paul Mercury Indem. Co. v.*

*Red Cab Co.*, 303 U.S. 283, 289-90 (1938); *see also Allen v. R H Oil Gas Co.*, 63 F.3d 1326, at 1336 (5th Cir. 1995) (holding that once removal jurisdiction is established, a subsequent amendment of the complaint reducing the amount in controversy to less than the required amount does not divest the court of jurisdiction). The jurisdictional facts that support removal must be judged at the time of the removal. *Id.* at 1335. Thus, if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction. *St. Paul Mercury Indem.*, 303 U.S. at 292; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1407 (5th Cir. 1995). Further, even if it had been timely, De La Cruz's statement in the amended petition that she was seeking "less than $74,000" was insufficient to prevent removal. As the Fifth Circuit has noted, a plaintiff seeking to prevent removal in this way must file "a binding stipulation or affidavit with their complaint[ ]." *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (quoting *In re Shell Oil*, 970 F.2d 355, 356 (7th Cir. 1992)); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 724 (5th Cir. 2002). The First Amended Petition is not sworn, and contains no such binding stipulation or affidavit.

De La Cruz also makes a "legal certainty" argument, claiming that even though she pled in her Original Petition that she was seeking damages in excess of $1,000,000, in fact, the insurance policy limits her recovery for bodily injury damages to $30,000, and this establishes that Allstate cannot demonstrate the required amount in controversy to a "legal certainty." Dkt. No. 19 at ¶¶ 11-41. Under the legal certainty test, "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount," then remand

4

is appropriate. *St. Paul Mercury*, 303 U.S. at 289; *see also Walther v. Allstate Fire & Cas. Ins. Co.*, 2020 WL 420837, at *2 (W.D. Tex. Jan. 27, 2020).

Here, nothing on the face of De La Cruz's Original Petition shows to a legal certainty that she could not recover more than $75,000. The amount of her UM/UIM coverage was not stated on the face of the pleading and De La Cruz expressly claimed damages in excess of $1,000,000. Moreover, De La Cruz also sought—and still seeks—attorney's fees, post-judgment interest, costs of court, and "such other relief, general and special, legal and equitable, to which Plaintiff is justly entitled." Dkt. No. 1-3 at ¶ 7.1. Rather than demonstrating to a legal certainty that De La Cruz could not recover more than $75,000, when all of the relief requested in the Original Petition is considered, the face of De La Cruz's pleading instead shows that the amount at issue in this case exceeds $75,000.

The only proof that De La Cruz now offers to the contrary is a copy of her insurance policy coverages (showing a $30,000 per person cap on UM/UIM coverage) and the First Amended Petition's statement that she is seeking "less than $74,000." Dkt. Nos. 19-1 & 19-2. As mentioned, the amended petition was filed in the state court after the case was removed,[1] and for the reasons already discussed it cannot be considered as part of this analysis. The only issue, therefore, is whether the fact that the underlying policy limits coverage here to $30,000 means that De La Cruz, to a legal certainty, cannot recover in excess of $75,000 based on the claims asserted in the Original Petition. Even assuming that her compensatory damages are capped by the policy at $30,000, this is not enough to create the legal certainty required to support remanding the case. As discussed

---

[1] Allstate filed its Notice of Removal on March 30, 2020 (Dkt. No. 1), and the First Amended Petition was filed on April 13, 2020 (Dkt. No. 13-1).

above, in addition to actual damages for bodily injury, the Original Petition expressly sought attorney's fees, post-judgment interest, court costs, and "such other relief, general and special, legal and equitable, to which Plaintiff is justly entitled." Dkt. No. 1-3 at ¶ 7.1. There is no evidence before the Court that demonstrates to a certainty that attorney's fees, interest, court costs and any other relief would total less than $45,000 in this case. In fact, there is no evidence on this point at all. Thus, the fact that the policy limits Allstate's liability to $30,000 fails to demonstrate to a legal certainty that at the time of removal, De La Cruz could not recover more than $75,000, given the other relief De La Cruz requested in her Original Petition. *See Torres v. Allstate Fire & Cas. Ins. Co.*, 2020 WL 3077932, at *2 (S.D. Tex. June 10, 2020) (the "absence of any commitment to accept less than the jurisdictional amount, and the presence of pleadings seeking more than the amount specifically alleged" supports finding the amount in controversy minimum is met). De La Cruz's motion to remand (Dkt. No. 19) should therefore be denied.

### III.  MOTION TO DISMISS

#### A.  Legal Standard

Rule 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2009).

**B.     Analysis**

In her Original Petition, De La Cruz sues Allstate for breach of contract and for a declaratory judgment regarding her rights under the insurance policy. Dkt. No. 1-3. After removing, Allstate moved to dismiss De La Cruz's suit in its entirety, arguing that De La Cruz has failed to state a claim. Dkt. No. 2. Specifically, Allstate argues that De La Cruz's claim for a declaratory judgment under the UDJA must be dismissed because the UDJA is a Texas procedural mechanism with no application in federal court. *Id.* at ¶¶ 11-12. Allstate further argues that De La Cruz's breach of contract claim should be dismissed as unripe because De La Cruz has not yet obtained a judgment establishing her legal entitlement to recover damages from the alleged tortfeasor, thus Allstate's obligation to pay benefits has not been triggered and De La Cruz has no viable breach of contract claim. *Id.* at ¶¶ 13-17.

In her Response, De La Cruz acknowledges that "the UDJA is procedural for *Erie* purposes in a diversity case." Dkt. No. 20 at ¶ 15; *see Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 2018, 210 (5th Cir. 1998). However, De La Cruz argues that rather than dismiss, the Court should instead apply the Federal Declaratory Judgment Act. *Id.* at ¶¶ 15-16. In the alternative, De La Cruz requests the UDJA claim be dismissed without prejudice, and that she be granted leave to re-file her complaint as a federal declaratory judgment action under 28 U.S.C. § 2201 and Rule 57 of the

Federal Rules of Civil Procedure. *Id.* at ¶¶ 17-19. As for her breach of contract claim, De La Cruz acknowledges that she has not yet obtained a judgment establishing her entitlement to recovery from the alleged tortfeasor and thus concedes that her breach of contract claim is not yet ripe. *Id.* at ¶ 14; *see Weber v. Progressive County Mutual Insurance Company*, 2018 WL 564001, at *1 (Tex. App.—Dallas Jan. 26, 2018, pet. filed). Rather than the Court dismissing that claim with prejudice as Allstate requests, however, De La Cruz requests she be permitted to amend her complaint, as she "intends to remove claims for breach of contract at this time, and continue litigation of its cause of action for breach of contract—once ripe." *Id.* at ¶ 20. In its Reply, Allstate does not oppose De La Cruz's request to amend her complaint to seek declaratory judgment pursuant to 28 U.S.C § 2201 and Federal Rule of Procedure 57, and to remove her unripe breach of contract claim. Dkt. No. 22 at ¶ 9.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court "should freely give leave [to amend a pleading] when justice so requires." FED. R. CIV. P. 15(a)(2). It is within the district court's discretion whether justice dictates leave should be granted or denied. *See Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992). Here, the parties agree that De La Cruz should be permitted to amend to state her declaratory judgment claim under federal law, and to drop her unripe breach of contract claim. The undersigned therefore recommends that the District Court deny Allstate's motion to dismiss, and grant De La Cruz's request, contained in her response to the motion to dismiss (*see* Dkt. No. 20 at ¶¶ 18-20), to amend her complaint accordingly.

## IV. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DENY** De La Cruz's Amended Motion to Remand to State Court (Dkt. No. 19) and Allstate's Motion to Dismiss (Dkt. No. 2), and

8

**FURTHER RECOMMENDS** that the District Court **GRANT** De La Cruz's request that she be permitted to file an amended complaint restating her declaratory judgment claim under federal law, and dropping her breach of contract claim, and **ORDER** De La Cruz to filed that amended complaint by a deadline set by the District Court. Finally, the Clerk is directed to remove this case from the undersigned's docket and return it to the docket of the Honorable Lee Yeakel.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 21st day of January, 2021.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE